## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 26 2018, 8:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mary P. Lake
La Porte, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James W. Adams,
*Appellant-Defendant*,

v.

State of Indiana,
*Appellee-Plaintiff*.

November 26, 2018

Court of Appeals Case No.
18A-CR-1228

Appeal from the LaPorte Superior Court

The Honorable Michael S. Bergerson, Judge

Trial Court Cause No.
46D01-1706-F5-496

**Brown, Judge.**

[1] James W. Adams appeals his sentence for failure to register as a sex offender, a level 5 felony, and illegal sex offender residency, a level 6 felony. He raises one issue which we revise and restate as whether his sentence is inappropriate in light of the nature of the offenses and his character. We affirm.

*Facts and Procedural History*

[2] On June 30, 2000, Adams pled guilty to the felony of 3rd degree sexual assault under cause number 402000CF001245 ("Cause No. 1245") in Milwaukee County, Wisconsin, and was sentenced to seven years confinement in the Wisconsin State Prison with three years executed and four years of probation. On July 26, 2001, Adams was convicted of felony 2nd degree sexual assault of a child under cause number 402001CF001909 ("Cause No. 1909") in Milwaukee County and was sentenced to imprisonment of ten years to be served concurrently with Cause No. 1245. Adams's conviction under Cause No. 1909 required him to "register for life with the WI Sex Offender Registry." State's Exhibit 6.

[3] On June 15, 2009, Adams registered in Indiana as a sex offender with the LaPorte County Sheriff's Office. On October 18, 2013, Adams registered as homeless with the LaPorte County Sheriff's Office and complied with the requirements for homeless registration until December 13, 2013. He was later arrested in LaPorte County and, on February 25, 2015, pled guilty to failure to register, a class D felony. He was sentenced to two years in the Indiana Department of Correction ("DOC"), with one and one-half years suspended to

probation and an executed sentence of six months in jail. Following his release, Adams registered in St. Joseph County and his probation was transferred there.

[4] On May 19, 2016, Adams pled guilty to the misdemeanor of resisting or obstructing an officer under cause number 402016CM001716 in Milwaukee County, was sentenced to six months on probation and to "30 days Milwaukee County House of Corrections, 15 days time served, alcohol assessment, fine and Court costs," and he was released on September 8, 2016. Appellant's Appendix Volume II at 92. Adams never registered in Wisconsin as required, nor did he register in Indiana, since his release on September 8, 2016. On February 21, 2017, a bench warrant was issued in Milwaukee County for a sex registry violation, felony H, under cause number 2017CF00946.

[5] On May 4, 2017, Pamela Bergren, coordinator for the sex and violent offender registration for the LaPorte County Sheriff's Office, discovered that Adams had been arrested by the Indiana State Police and had filled out an inmate registration form upon his arrival at the LaPorte County Jail that listed 402 Holiday Street as his address. Detective Jacob Koch of the LaPorte County Sheriff's Office interviewed Adams, who admitted that, prior to being arrested, he resided with his grandmother, Ruby Adams ("Ruby"), at 402 Holiday Street, Michigan City, Indiana. Bergren verified Adams's identity by his social security number which she had on file, ran his driver's license information through the NCIC IDACS system, discovered on his license, which expired on March 10, 2016, that his registered address was 402 Holiday Street, checked the Wisconsin Sex Offender Registration online, and discovered that his last photo

was taken on January 12, 2016, and that the compliance status was marked as noncompliant with address unknown. She contacted the Wisconsin Sex Offender Registry and spoke with a staff member who referred her to someone who had taken over Adams's case "once he had become non-compliant in . . . Wisconsin." Transcript Volume II at 17. After learning 402 Holiday Street "was the address that [Adams] was declaring as his residence," Bergren determined that the address was within a 1000-foot radius of "prohibited . . . facilities such as a daycare, school, park or community center" and that it was two houses away, or approximately seventy-five feet, from a facility located at 414 Holiday Street called "Poo's Playhouse Daycare" and 435 feet from a facility located at 123 Hobart Street called "Teresa's Tender Toes." *Id.* at 19, 21.

[6] In June 2017, the State charged Adams in its amended charging information with one count of failure to register as a sex or violent offender, a level 5 felony, and one count of illegal sex offender residency, a level 6 felony. On October 12, 2017, Adams waived trial by jury and, on February 26, 2018, the matter proceeded to a bench trial, at which Ruby testified that she lived at 402 Holiday Street and that Adams received mail at the address "the year he got out – the year he came here." *Id.* at 34. Ruby answered affirmatively when asked if it was fair to say that Adams received mail at the address for two or two-and-one-half years. She also answered affirmatively when later asked if she told detectives that Adams stayed with her sometimes and indicated Adams would come and "spend the night here and there, when he first came here he stayed

there for a while . . . ." *Id.* at 35. In response to the question of whether "maybe three nights a month . . . sound[s] about right," Ruby answered that it might have been and that she "wouldn't dispute [it]." *Id.* She indicated that she was not familiar with the daycare "Theresa Tender Toes" but that a "[w]indow or sign, one of them" for "Pooh's Playhouse" was visible to the eye. *Id.* at 36-37. The court found Adams guilty of failure to register as a sex offender, a level 5 felony, and illegal sex offender residency, a level 6 felony.

[7] On March 8, 2018, the court held a sentencing hearing. The State asked for five years and indicated that it believed an aggravated sentence was appropriate as Adams had been previously charged with violent crimes, had "two prior sex offenses and the prior failure to register," had been charged "at least, on 12 occasions," was on probation at the time of these offenses, and had "been on probation previously, which has been revoked." *Id.* at 90. Counsel for Adams agreed that he was "probably not a good candidate for probation," and asked that the "mitigators balance the aggravators and he be given the advisory sentence." *Id.* at 91.

[8] The court found the following aggravating circumstances: that Adams's criminal history did not give it "much comfort in thinking that [Adams] can comply with the terms of probation"; that the "chances that [Adams] has been given in the past certainly have been squandered" by him; and that these offenses were committed while also on probation, which did not give the court "any reason to think that [Adams] would comply with the terms of probation or there is any chance that the Defendant might be rehabilitated. Suspending the

sentence or any portion of that sentence would depreciate the seriousness of this crime." Appellant's Appendix Volume II at 101. The court found the fact that Adams "did not make the State go to the expense of having a Trial" as a mitigating circumstance, sentenced him to concurrent terms of four years executed in the DOC on the count of failure to register as a sex or violent offender and one year on the count of illegal sex offender residency, and gave him 307 days credit and 102 days good-time credit for time spent in custody. *Id.* at 100.

## *Discussion*

[9] The issue is whether Adams's sentence is inappropriate in light of the nature of the offenses and his character. Adams acknowledges that he has a significant criminal history but contends that the current offenses are strictly status offenses, that he has no significant drug or alcohol use history, and that there was no harm to any victims or testimony that he attempted to come into contact with any children. The State argues that Adams's sentence is not inappropriate.

[10] Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[11] Ind. Code § 35-50-2-6 provides in part that a person who commits a level 5 felony shall be imprisoned for a fixed term of between one and six years, with the advisory sentence being three years. Ind. Code § 35-50-2-7 provides in part that a person who commits a level 6 felony shall be imprisoned for a fixed term of between six months and two and one-half years, with the advisory sentence being one year.

[12] Our review of the nature of the offenses reveals that Adams did not register in Wisconsin, as required, or in Indiana since his release on September 8, 2016. We also observe that, when Bergren verified Adams's identity by his social security number which she had on file, ran his driver's license information through the NCIC IDACS system, and checked the Wisconsin Sex Offender Registration, she discovered that his last photo had been taken on January 12, 2016, and that his status was marked as non-compliant. Further, the 402 Holiday Street address is within a 1000-foot radius of two prohibited facilities. As for his character, the presentence investigation report ("PSI") indicates that Adams's criminal history includes convictions in Wisconsin for felonies of 3rd degree sexual assault in 2000, 2nd degree sexual assault of a child in 2001, sex offender registry violation in 2016, as well as for misdemeanors of operating while under the influence and resisting or obstructing an officer in 2016. On February 21, 2017, a bench warrant was issued in Milwaukee County for a sex registry violation, felony H, and the PSI indicates that it is still active. The PSI further reveals that Adams was convicted in Indiana for residential entry, a class D felony, in 2010 and failure to register as a sex or violent offender, a class

D felony, in 2014. The PSI states that he has been on probation, had his probation revoked, and was on probation at the time he was arrested and charged for the instant offense. Additionally, the PSI states that Adams reported he first used alcohol at the age of fifteen and began regularly using alcohol at the age of twenty-nine, and that, while he denied any illegal drug use, according to a previously completed PSI in December 2014, he admitted to using marijuana at the age of thirteen and that the last time he used marijuana was in June 2001.

[13] After due consideration, we conclude that Adams has not sustained his burden of establishing that his sentence is inappropriate in light of the nature of the offenses and his character.

## *Conclusion*

[14] For the foregoing reasons, we affirm Adams's sentence.

[15] Affirmed.

Altice, J., and Tavitas, J., concur.